**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50142 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-03355-GT |
| v. | |
| ENRIQUE ORTUNO-ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Enrique Ortuno-Ortiz appeals the 14-month custodial sentence and the one-year term of supervised release imposed following his guilty-plea conviction for improper entry by an alien, in violation of 8 U.S.C. § 1325.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Ortuno-Ortiz argues that the district court procedurally erred by failing to explain the sentence adequately. He asserts that the court failed to cite any reasons for the upward variance, erroneously paraphrased the presentence report, and did not address his non-frivolous mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court considered Ortuno-Ortiz's sentencing arguments, but believed that an upward variance to 14 months was warranted in light of Ortuno-Ortiz's three prior immigration convictions and the length of the sentences imposed in those cases. Its explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Ortuno-Ortiz also contends that his custodial sentence and supervised release term are substantively unreasonable in light of his motive for reentry and status as a deportable alien. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances, including Ortuno-Ortiz's criminal history. *See id.*; U.S.S.G. § 5D1.1 cmt. n.5 (supervised release for deportable alien is appropriate if it would provide added deterrence and protection).

**AFFIRMED.**

15-50142